IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ELIN NAPOLEON,

        Petitioner,                    CIV. NO. S-10-0940 KJM GGH P

    vs.

RICHARD B. IVES, WARDEN[1]              ORDER

        Respondent.

_____/

*Introduction and Summary*

        By this order, and pursuant to the objection of petitioner in this habeas corpus action, the undersigned determines that present counsel, a private attorney, may not represent the federal respondent in this litigation. Private counsel ("counsel") mistakes the nature of this action, and the status of the only proper defendant, as an ordinary civil action against a private (non-governmental) defendant. Counsel is in error and, pursuant to statute, is precluded from representing the federal warden in this case.

\\\\\

---

[1] From a plethora of cases filed against this Warden, the undersigned understands the correct spelling of his last name to be "Ives." However, the undersigned will use the spelling commenced by petitioner in this case – "Yves."

1

1   While the choice of counsel for respondent herein might seem to be a matter of
2 little, if any, consequence to the court or the outcome of this action, Congress has made it a matter
3 of consequence.  Moreover, although the outcome here will delay proceedings, petitioner made
4 the objection and it must be adjudicated.

*Background Facts*

Petitioner filed this 28 U.S.C. § 2241 habeas corpus action while he was incarcerated at FCI Herlong, although the actual origin of the disciplinary proceeding commenced at a federal Bureau of Prisons privately contracted facility in Eden, Texas.  The underlying allegations petitioner makes regarding the disciplinary are unimportant to the issue here; suffice it to say that petitioner lost time credits he had previously earned.  The final outcome of the disciplinary proceeding occurred at Herlong, California within the Eastern District of California, as a result of a BOP order that the disciplinary be readjudicated, but by that time petitioner was residing at Herlong.

The petition was filed in this court on April 19, 2010 while petitioner was incarcerated at Herlong.[2]  By order of May 19, 2010, the petition was served on the United States Attorney (Mark McKeon AUSA), and a response was required.  Nevertheless, present private

---

Subsequent transfers of petitioner do not affect the jurisdiction of this court.
>   When Mujahid filed his petition, he was incarcerated in Oregon. He filed his petition in district court, in the District of Oregon. He named as respondent the warden of the institution where he was imprisoned. These steps properly complied with habeas procedure. *See Rumsfeld v. Padilla*, 542 U.S. 426, 124 S.Ct. 2711, 2720, 159 L.Ed.2d 513 (2004). Mujahid's subsequent transfer and placement onto supervised release do not alter this analysis. As the government recognizes, a habeas petitioner remains in the custody of the United States while on supervised release. *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir.2002). And as we stated in *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir.1990) (internal quotation marks and citations omitted), *"jurisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change.*

Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005) (emphasis added).

2

counsel appeared and asked for an extension of time. Without any thought on the propriety of private counsel at that time, the extension was given. A motion to dismiss for failure to exhaust was made and was denied, followed by an answer. In a motion to strike all of respondent's pleadings (June 3, 2011), petitioner asserted (without authority) that counsel, who was not a government attorney had appeared in the case and was unauthorized to do so. Counsel followed that motion with an assertion that respondent was free to choose his own counsel.

The undersigned issued an order citing 28 U.S.C. §§ 515(b) and 516, and directed counsel to show cause why the motion to strike should not be granted. Counsel complied with that order and asserts, for various reason detailed below, that he is appropriately representing respondent in this case.

*Discussion*

The federal statutes cited above provide:

> Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General.

28 U.S.C. § 516.

In order to appear in an action involving the United States, or its officials in their official capacity, a non-DOJ attorney must be specially retained by the Attorney General. 28 U.S.C. § 515.

Counsel disputes the applicability of these statutes:

> First, [counsel] have not been specially retained by the Department of Justice and have in no way been commissioned as special assistant...
> ***
> The Respondent in this matter is the former Warden of FCI Herlong, Richard B. Yves. He is not the United States of America, he is not his own agency. Mr. Yves is not an officer of the United States, he is the former Warden of an FBOP facility– an employee.

Brief at 3.

However, counsel has a fundamental misapprehension about the nature of a habeas corpus action, and the nature of "official capacity" actions. In a state habeas corpus action, the

3

Ninth Circuit has held:

> In a § 2254 habeas petition, *the immediate custodian is named as a respondent in his or her official capacity*, as the state official legally responsible for the petitioner's continued detention.

Smith v. Idaho, 392 F.3d 350, 355 (9th Cir. 2004) (emphasis added). The Court went on to hold that the custodian in a habeas action is the "state's agent." Id. at 356. Of course, the nature of a habeas corpus action does not change simply because the habeas action is filed by a federal prisoner. And, official capacity actions in any context are treated as actions against the government. For example,

> "[A] *Bivens* action can be maintained against a defendant in his or her individual capacity only, and not in his or her official capacity." *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir.1987). This is because a *Bivens* suit against a defendant in his or her official capacity would merely be another way of pleading an action against the United States, which would be barred by the doctrine of sovereign immunity. *Nurse v. United States*, 226 F.3d 996, 1004 (9th Cir.2000).

Consejo de Desarrollo etc. v. United States, 482 F.3d 1157, 1173 (9th Cir. 2007).

The above authority is fully consonant with the realities of habeas corpus. Indeed, the relief sought here is a recovery of time credits, which if directed by the court, will require respondent to restore the credits and expunge the disciplinary conviction, i.e. it will serve to shorten the presently scheduled time of incarceration. No "private person" within an agency could effect such a remedy; that person would have to issue the restoration order in his or her *official* capacity, i.e., as the government's agent. The restoration order by the Warden, as agent of the government, would be binding on the agency and the government.

Thus, counsel's belief that the Warden is simply another private individual, who can retain any private attorney he desires in a habeas corpus action, is not correct.

In the alternative, counsel cites to various statutes and regulations which contained ordinary delegation of day-to-day operations to the Bureau of Prisons. See 28 U.S.C. §§ 510, 530C; 28 CFR Parts 0.95, 0.96, 0.123. However, the fact that agencies need the authority to

contract or operate their everyday affairs is not reason to believe that the Attorney General has ceded the authority to control litigation affecting the Bureau of Prisons. More to the point, counsel cites to 28 U.S.C. § 530(C) which speaks to the retention of private counsel by the Attorney General/Department of Justice, or any component thereof. See §530C (b)(1)(c). That statute starts out the same way that § 516 commences: except as otherwise specified by law. The two statutes have to be read harmoniously, nevertheless, and it would be an absurd interpretation to find that although the conduct of litigation involving the government is reserved to the Attorney General, §516, this authority was entirely ceded away by the following section, §530(C).

Clearly the ability of the Attorney General, and the sub-entities within the Department of Justice in non-litigation matters, to retain private counsel is compatible with the Attorney General's overall control of government litigation. The Attorney General may, in special cases, retain private counsel in litigation for situations where government counsel is conflicted, an independent prosecutor is needed, for Bivens actions and the like. Additionally, there is a great need for attorneys within the entire Department of Justice, including, BOP, for a lawyer's services in many other areas other than litigation, e.g., contracting, administrative law, and so forth. However, this does not mean that in ordinary litigation against the government in habeas actions or otherwise, an agency within DOJ has *carte blanche* to retain counsel and go its own way unsupervised to any extent. Moreover, as discussed before, counsel's misapprehension that this habeas litigation involves only the private BOP contracted facility in Eden, Texas, as the real party in interest, has been seen to be legally (and factually) erroneous.

*Conclusion*

Although the court is reluctant from a delay standpoint to have this case renew with government counsel, controlling law permits no other determination. Accordingly, IT IS ORDERED:

1. Present private counsel for the government is removed from representation of the Warden in this case;

2. The United States Attorney is substituted in place of private counsel;

3. The assigned AUSA shall inform the court by pleading whether he/she adopts the briefs on the merits filed by private counsel on matters which are presently pending decision by the court; and whether any supplemental briefs will be filed;

4. The informational filings referenced in the preceding paragraph shall be filed no later than March 9, 2012;

5. Any supplemental briefs shall be filed no later than March 9, 2012;

6. The present Warden of FCI Herlong, Michael Babcock, is substituted in his official capacity for respondent Yves.

DATED: February 6, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:ggh
napoleon(counsel).wpd